IN THE UNITED STATES DISTRICT COURT FOR THE NORTHEREN
DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME M. MABLES, | ) | |
| | ) | FILED |
| Plaintiff | ) | |
| | ) | SEP 0 1 2009 TC |
| Vs. | ) | Sep 01 2009 |
| | ) Case No. | MICHAEL W. DOBBINS |
| | ) | CLERK, U.S. DISTRICT COURT |
| VICTOR LIZOTTE | ) | 09CV5404 |
| OFFICER HARTLEY | ) | |
| VILLAGE OF CARPENTERSVILLE, | ) | JUDGE KENDALL |
| | ) | MAGISTRATE JUDGE COLE |
| Defendants | ) | |

COMPLAINT

Jurisdiction of the Court

A. This case is filed under 42 U.S.C. Secs. 1983,1988; and the Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists in this court under 28 U.S.C. Secs. 1331 and 1343 (3)(4) and the above mentioned statutory and Constitutional provisions.

B. The plaintiff also invokes the pendent jurisdiction of this federal court to hear and decide claims arising under state law

COUNT 1
UNREASONABLE FORCE DURING ARREST AGAINST DEFENDANTS
LIZOTTE AND HARTLEY

1. At all times herein, plaintiff was a resident of the Village of Carpentersville, in the State of Illinois.

2. The Defendant Village of Carpentersville, is a municipal corporation located in Kane County, Illinois.

3. At all times herein, defendant, Victor Lizotte, was a sworn police officer of the Village of Carpentersville, police department in Carpentersville, Illinois, and performed all acts pursuant to his duties as a police officer of the Village of Carpentersville.

4. At all times herein, defendant, Officer Hartley, was a sworn police officer of the Village of Carpentersville, police department in Carpentersville, Illinois, and performed all acts pursuant to his duties as a police officer of the Village of Carpentersville.

5. On November 22, 2007 at approximately 10:40 a.m. plaintiff was at his home at 2406 Tomahawk Court Carpentersville, Illinois cleaning his car in the garage

1

when defendant Lizotte approached plaintiff near his garage alleging he received a complaint of loud music coming from plaintiff's garage.

6. Plaintiff denied to defendant Lizotte, that he was playing loud music.

7. That defendant Lizotte left plaintiff's residence after hearing no loud music and returned a short time later on another complaint of loud music coming from inside plaintiff's garage.

8. That shortly after defendant Lizotte arrived at plaintiff's residence, defendant Hartley arrived at plaintiffs residence.

9. Defendant Lizotte informed plaintiff that he was being issued a citation for loud music and for plaintiff to produce identification.

10. Plaintiff began walking to his residence when defendant Lizotte grabbed him by the arm.

11. Defendants Lizotte and Hartley then informed plaintiff he was being placed under arrest for the purported offense of obstructing a police officer.

12. Defendants Lizotte and Hartley used unreasonable and unnecessary force to effect such arrest. Defendant Lizotte grabed plaintiff around the neck, and Defendants Hartley and Lizotte used a Taser on Plaintiff multiple times.

13. Said use of unreasonable and unnecessary force resulted in physical injury to plaintiff in that he suffered multiple wounds to the abdominal area and said injuries were treated at the emergency room in Sherman Hospital in Elgin, Illinois, and follow-up treatment at Provena Saint Joseph.

WHEREFORE PLAINTIFF, JEROME MABLES, request the entry of a judgment against defendants Lizotte and Hartley in excess of $15,000.00 as compensatory damages, plus all costs of this suit and such other and further relief as the court may deem proper.

## COUNT 2

### AGAINST DEFENDANTS HARTLEY AND LIZOTTE FOR PERSONAL INJURIES.

Paragraphs 1-11 ( of this Count 2)

For paragraphs 1 to 11 of this Count 2 of the plaintiff's complaint, Plaintiff repeats paragraphs 1 to 11 of Count 1 of this complaint, as fully as if the 11 paragraphs were recopied here in full.

2

Paragraph 12 (of count 2)

In making the said arrest of Jerome Mables on the date of November 22, 2007, defendant Hartley and Lizotte deliberately, willfully and wantonly injured Jerome Mables by Tasering him in the abdominal area.

Paragraph 13 ( of count 2)

As a result of Defendants Hartley and Lizotte Tasering Jerome Mables in the abdominal area as stated above, Plaintiff suffered severe injuries, medical bills, disability, and pain and suffering.

WHEREFORE PLAINTIFF, JEROME MABLES, request the entry of judgment against defendants Hartley and Lizotte for personal injuries, in the sum in excess of $15,000.00 for compensatory damages, plus all costs of this suit and such other and further relief as the court may deem proper.

## COUNT 3

### AGAINST DEFENDANTS HARTLEY AND LIZOTTE FOR CIVIL RIGHTS VIOLATION BASED ON UNREASONABLE FORCE DURING ARREST

Paragraphs 1 to 13 (of this Count 3)

For paragraphs 1 to 13 of this Count 3, the plaintiff now repeats paragraphs 1 to 13 of Count 1 of this complaint.

Paragraph 14 (of this Count 3)

On the date of November 22, 2007, there was a federal law in force commonly known as the "Federal Civil Rights Act" which appears at 42 USC Sections 1981 through 1988.

Paragraph 15 (of this Count 3)

In exercising such unreasonable force in making such arrest, the defendants Hartley and Lizotte acted under color of state law

WHEREFORE PLAINTIFF, JEROME MABLES, requests the entry of judgment against defendants Hartley and Lizotte for the violations set forth above of the constitutional rights of Jerome Mables, under the United States Constitution, 5th and 14th amendments for compensatory damages of $25,000 for unreasonable use of force under 42 USC 1983, plus all costs of this case, including attorney fees, under 42 USC 1988.

## COUNT 4

3

## AGAINST DEFENDANTS HARTLEY AND LIZOTTE FOR CIVIL RIGHTS VIOLATION BASED ON PERSONAL INJURIES

Paragraphs 1 to 13 (of this Count 4)

For paragraphs 1-13 of this Count 4, the plaintiff repeats the paragraphs 1 to 13 of Count 2.

Paragraph 14 (of this Count 4)

On the date of November 22, 2007, there was a federal law in force, commonly known as the "Federal Civil Rights Act" 42 USC 1981 to 1988.

Paragraph 15 (of this Count 5)

When Defendants Hartley and Lizotte tasered Plaintiff, Jerome Mables, and injured him, they were acting under color of state law.

WHEREFORE PLAINTIFF, JEROME MABLES, requests the entry of judgment against defendants Hartley and Lizotte for the violations set forth above of the constitutional rights of Jerome Mables, under the United States Constitution, 5th and 14th amendments for compensatory damages of $25,000 for severe personal injuries under 42 USC 1983, plus all costs of this case, including attorney fees, under 42 USC 1988.

## COUNT 5

## AGAINST THE VILLAGE OF CARPENTERSVILLE FOR UNREASONABLE FORCE DURING ARREST

Paragraphs 1 to 13 (of this Count 3)

For paragraphs 1 to 13 of this Count 5, the plaintiff now repeats paragraphs 1 to 13 of Count 1 of this complaint.

Paragraph 14 (of this Count 5)
At the time the above events took place, the defendants Hartley and Lizotte were acting in the scope of their employment as policemen for the Village of Carpentersville.

WHEREFORE PLAINTIFF, JEROME MABLES, request the entry of a judgment against the Village of Carpentersville in excess of $15,000.00 as compensatory damages, plus all costs of this suit and such other and further relief as the court may deem proper.

## COUNT 6

## AGAINST THE VILLAGE OF CARPENTERSVILLE FOR PERSONAL INJURIES

Paragraphs 1 to 13 (of this Count 4)

For paragraphs 1-13 of this Count 6, the plaintiff repeats the paragraphs 1 to 13 of Count 2.

Paragraph 14 (of this Count 6)

At the time the above events took place, the defendants Hartley and Lizotte were acting in the scope of their employment as policemen for the Village of Carpentersville.

WHEREFORE PLAINTIFF, JEROME MABLES, request the entry of a judgment against the Village of Carpentersville in excess of $30,000.00 as compensatory damages, plus all costs of this suit and such other and further relief as the court may deem proper.

## VERIFICATION BY CERTIFICATION

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matters, the undersigned certifies as aforesaid that I verily believe the same to be true.

_____
JEROME MABLES
Plaintiff

## ATTORNEY CERTIFICATION

The undersigned has reviewed the above allegations and statements of law and asserts that this pleading complies with Supreme Court Rule 137.

_____
Reginald N. Campbell
Attorney for Plaintiff

Law Office of Richard C. Irvin
Reginald N. Campbell
605 N. Broadway
Aurora, IL 60505
630-906-5571
Atty. No. 6210017

5