Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5404 | **DATE** | 3/22/2011 |
| **CASE TITLE** | MABLES v. LIZOTTE, ET AL | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court denies Mables's Motion to Vacate [25].

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff Jerome Mables ("Mables") moves the Court, pursuant to Rule 60(b), to vacate its June 16, 2010 Order of Dismissal. For the following reasons, the Court denies Mables's Motion to Vacate.

Plaintiff filed suit on September 1, 2009, alleging six counts stemming from his 2007 arrest. Defendants Victor Lizotte, Officer Hartley, and the Village of Carpentersville (together "Defendants") moved to dismiss five of the counts on October 30, 2009. Notice of the Motion to Dismiss was mailed by first class postage to the law offices of Mables's attorney in Aurora, Illinois (the "Law Office"). The Court entered a briefing schedule for this Motion and sent notice of the response date to the Law Office. (R. 16.) Mables did not file a response to Defendants's Motion to Dismiss.

The Court granted Defendants's Motion to Dismiss on January 21, 2010, dismissing Counts I, II, IV, and VI of Mables's Complaint with prejudice; the Court dismissed Count V without prejudice and gave Mables until January 29, 2010 to file an Amended Complaint. The Court warned Mables that his failure to timely file an Amended Complaint could result in the dismissal of his case for want of prosecution. (R. 20.) This minute entry was delivered to the Law Office. Mables, however, never filed an Amended Complaint.

The Court held a status hearing on April 1, 2010. Mables attended and made an oral Motion to Extend Discovery, stating that he needed the extra time "to take the depositions of the defendants" and to consider whether he would utilize an expert witness. The Court granted Mables's oral motion. The Court then, with the parties present, set a status hearing for June 2, 2010 and instructed Mables to comply with Rule 26(a)(2) by June 16, 2010.[11] The Court orally stated that Mables must comply with Rule 26(a)(2) by June 16, 2011 and its written minute entry of that day stated that the deadline for compliance was June 15, 2010. Mables did not comply with either date.
  The Court also set a briefing schedule for dispositive motions and set a trial date of December 6, 2010. These instructions and dates were given orally to the parties in their presence and in a written minute entry.

(R. 21.) The written minute entry was delivered to the Law Office.

Mables failed to appear at the June 2, 2010 status hearing. The Court noted that Mables failed to pursue any additional discovery during the extension that the Court had granted him on April 1, 2010. The Court also noted that Mables failed to file an Amended Complaint by the Court's earlier deadline of January 29, 2010. (R. 23.) The Court further noted that Mables "has failed to keep in contact with defense counsel and has failed to complete discovery" and warned Mables that his "case may be dismissed for want of prosecution on" June 16, 2010, the Court's next status hearing, if he again failed to appear. (*Id.*) The Court issued two minute entries on June 2, 2010, detailing Mables's failure to appear, his failure to pursue discovery, and the consequences he faced if he did not appear on June 16, 2010. The minute entries were delivered to the Law Office.

Mables failed to appear on June 16, 2010. Defendants confirmed that neither Mables nor his attorney had contacted Defendants since the previous status hearing. The Court dismissed the case for want of prosecution that day. (R. 24.) The minute entry was delivered to the Law Office.

Six months later, Mables filed the instant Motion to Vacate, pursuant to Rule 60(b), on December 20, 2010 and noticed it for January 10, 2011. Mables argued that he only missed two status hearings, and that he did so inadvertently "due to his office being in a state of flux at the time." (R. 25 ¶ 3.) Mables stated that he had a temporary assistant "on or around the time of the scheduled court appearances" and that those dates were never placed on Mables's calendar. (*Id.* ¶ 4.) Mables further stated that his workload was extremely heavy during the missed court appearances and that he was "dealing with some personal issues" that "left him distracted." (*Id.* ¶ 6.)

As an initial matter, the Court notes that district courts inherently possess the authority to dismiss a case *sua sponte* for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630. Such a dismissal is one of the tools available to district courts "to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Dismissal pursuant to Rule 41(b) is appropriate when "there is a clear record of delay or contumacious conduct." *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir.1998) (internal citations omitted); *see Daniels v. Brennan*, 887 F.2d 783, 788 (7th Cir. 1989) (dismissal proper where plaintiff's attorney repeatedly failed to appear at status hearings and was given two warnings prior to dismissal; lesser sanctions are not a prerequisite to dismissal).

Though Mables does not specify, he is presumably moving pursuant to Rule 60(b)(1), which allows a court to relieve a party from a final judgment order due to "mistake, inadvertence, surprise, or excusable neglect" within a year of the entry of the judgment. Fed. R. Civ. P. 60(b)(1). Here, Mables's motion, though filed over six months from the entry of judgment, is nonetheless timely.

Attorneys, however, "are expected to exercise diligence in monitoring the disposition of their cases." *Martinez v. City of Chi.*, 499 F.3d 721, 728 (7th Cir. 2007) (internal quotation marks and citation omitted). "Although attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (internal quotation marks and citation omitted); *In re Plunkett*, 82 F.3d 738, 742 (7th Cir. 1996) ("Missing a filing deadline because of slumber is fatal.").

Here, Mables failed to comply with repeated Court orders to timely file an Amended Complaint at the risk of facing dismissal for want of prosecution. Indeed, Mables never filed an Amended Complaint. Mables

| STATEMENT |
|---|

also failed to appear at status hearings despite oral and written warnings that failure to appear could result in dismissal of his case. Mables requested additional time to take the depositions of certain defendants but then failed to take any discovery in the time granted by the Court.

Moreover, Mables waited over six months—until December 20, 2010, two weeks after his previously-scheduled trial date—to file a Motion to Vacate. *See Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 246-47 (7th Cir. 2003) (affirming dismissal of plaintiff's case for want of prosecution after plaintiff "dawdled for five months before serving anyone," failed to timely respond to a motion to dismiss, missed repeated extensions, and was warned by the district court of the consequences of his failure to "diligently" pursue his action). In addition, the reasons offered by Mables for his inattentive behavior—a new office assistant, a heavy workload, and personal problems—do not justify a failure to communicate with the Court, opposing counsel, or take part in the litigation of his case from April 1, 2010 until December 20, 2010. *See id.* at 247 (noting that a lawyer's medical incapacity does not negate his responsibility to prosecute his case).

Mables does not contend that the Court had the wrong address on file, that the Court issued misleading minute orders, or that he personally reviewed the docket for upcoming hearing dates. *Cf. Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 423 (7th Cir. 1998) (finding attorney neglect excusable where the district court inadvertently failed to notify the parties that they had a trial date and plaintiff's failure to appear for trial was the sole basis for the dismissal of case). Here, as discussed, Mables exhibited a pattern of dilatory and contumacious behavior and was warned repeatedly that his failure to abide by Court-imposed deadlines could lead to his case being dismissed. To the extent Mables is relying on Rule 60(b)(6)'s "catchall provision" for "any other reason justifying relief from the operation of the judgment," this relief is unavailable when attorney neglect is at issue. *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 879 (7th Cir. 1996) (noting that "inexcusable attorney negligence is not an exceptional circumstance justifying relief under Rule 60(b)(6).").